IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Heidi Lin, and Xin Lin, On Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>Zen333 Inc., DBA Zen Asian Fusion,<br>Chen Zhou AKA Cindy Alfredson,<br>Rong A. Zhou, and Mei Zheng *individually*<br><br>Defendants. | CIVIL ACTION NO:   2:21-cv-3744-BHH<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiffs Heidi Lin, and Xin Lin, ("Mr. and Ms. Lin, collectively "Plaintiffs") individually and on behalf of all others similarly situated, by way of their Complaint in the above-captioned matter, alleges the following claims against Defendants, Zen 333 Inc, DBA Zen Asian Fusion, Chen Zhou AKA Cindy Alfredson, Rong A. Zhou, and Mei Zheng individually, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* ("SCPWA").

## NATURE OF CLAIM

1. Plaintiffs and other similarly situated employees allege the Defendants violated the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq, (FLSA).

2. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and other similarly situated employees of the Defendants; (1) who were not

2

paid overtime when they worked over forty hours a week; and (2) who were required to contribute to invalid tip pool and were paid less than the minimum wage of $7.25 an hour.

3. Plaintiffs also bring individual claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*. (SCPWA).

## PARTIES, JURISDICTION AND VENUE

4. Ms. Lin is a United States citizen, and at all times relevant to this complaint was a resident of Charleston County, South Carolina.

5. Mr. Lin is a United States citizen, and at all times relevant to this complaint was a resident of Charleston County, South Carolina.

6. Defendant, Zen333 Inc., DBA Zen Asian Fusion is a for-profit limited liability corporation, organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

7. Defendant, Chen Zhou AKA Cindy Alfredson, is a citizen and resident of Charleston County.

8. Defendant, Rong A Zhou, is a citizen and resident of Charleston County.

9. Defendant, Mei Zheng, is a citizen and resident of Charleston County.

10. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

11. Plaintiffs brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all similarly situated employees who worked in excess of forty (40) hours during certain workweeks without receiving overtime

3

compensation, and who were not paid the federal minimum wage, and had improper deductions from their wages and tips while working for Defendants at Zen Asian Fusion.

12. This Court has jurisdiction of the Plaintiffs' claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

13. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiffs' pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTS

14. Defendant, Zen333 Inc., does business as Zen Asian Fusion, ("Zen") an Asian cuisine restaurant located at 2037 Sam Rittenberg Blvd. Charleston, South Carolina.

15. Defendant Chen Zhou AKA Cindy Alfredson is an owner and manager of Zen. Defendant Zhou/Alfredson acts directly and/or indirectly in the interest of Defendants in relation to Plaintiffs and similarly situated employees. Defendant Zhou managed, owned and/or operated, Zen and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority Ms. Zhou/Alfredson was an employer of Plaintiffs as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

16. Defendant Rhon Zhou is a owner and manager of Zen. Defendant Zhou acts directly and/or indirectly in the interest of Defendants in relation to Plaintiffs and similarly situated employees. Defendant Zhou managed, owned and/or operated, Zen and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By

4

virtue of such control and authority Defendant Zhou was an employer of Plaintiffs as such term is defined by the Act.  29 U.S.C. §201 et seq.

17.     Defendant Mei Zheng is an owner and manager of Zen. Defendant Zhou acts directly and/or indirectly in the interest of Defendants in relation to Plaintiffs and similarly situated employees. Defendant Zheng managed, owned and/or operated, Zen and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority Defendant Zheng was an employer of Plaintiffs as such term is defined by the Act.  29 U.S.C. §201 et seq.

18.     Mr. and Ms. Lin are a married couple. They moved from the Maine to Charleston, South Carolina to work for the Defendants.

19.     Ms. Lin was employed by the Defendants from June 20, 2020, until March of 2021.

20.     Mr. Lin was employed by the Defendants from June 20, 2020, until March of 2021.

21.     Plaintiffs and other similarly situated employees have an employment agreement whereby the Defendants agreed to pay them consistent with state and federal wage laws.

22.     Ms. Lin worked different positions.  She worked has a server and cashier.

23.     Ms. Lin's primary job duties as a server included taking customers' food and beverage orders. When she worked has a server, she was paid $2.25 an hour plus tips.

24.     Ms. Lin's primary duty as a cashier was to answer the phone, take to-go orders and greet customers.  When the restaurant was busy, she also helped bring food to the table, as well as busing tables.

5

25. When Ms. Lin worked as a cashier, she was paid a flat daily amount; regardless of how many hours she worked.

26. Mr. Lin worked as a sushi chef. His primary duty was to prepare the sushi that customers ordered.

27. Mr. Lin was not notified about the wages or time he would be paid. Sometimes he was paid bi-monthly, other times he was paid once a month. Mr. Lin's wages also varied, although the hours he worked were usually the same.

28. Mr. Lin did not have any formal culinary training. He learned how to make sushi in previous jobs he had in the industry.

29. Mr. Lin did not assist with creating the menu. Mr. Lin was not involved in hiring, disciplining, or firing the kitchen staff.

30. Mr. Lin does not have a four-year specialized academic degree in a culinary arts program, nor does Plaintiff have duties that would meet the requirements for the learned professional exemption.

31. Mr. and Ms. Lin worked 6 days a week and sometimes they were required to work 7 days a week.

32. On weekdays Mr. & Ms. Lin worked from approximately 10:30 A.M. to 10:00 P.M.; on Fridays and Saturdays they worked from approximately 10:30 A.M. 11:00 P.M.

33. Mr. and Ms. Lin were not paid time and half of their regular hourly rate when they worked in excess of 40 hours a week.

34. Ms. & Mr. Lin and similarly situated employees regularly worked approximately 30 hours of overtime in a workweek and were not paid time and half of their regularly hourly rate for those hours.

35. At all times relevant to this complaint, Ms. & Mr. Lin and other similarly situated employees were non-exempt employees for purposes of the overtime compensation provisions of the FLSA.

36. Defendants paid Ms. Lin, and other similarly situated servers less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

37. In addition to her hourly wage, Ms. Lin and other similarly situated employees received tips from customers when they worked as servers.

38. In order to meet the FLSA minimum wage of $7.25 for Plaintiff when she worked as a server, and for other similarly situated servers, the Defendants applied a "tip credit" of $5.00 based on the tips received by the servers for their service to customers.

39. Defendants required Ms. Lin and other similarly situated servers to participate in a "tip pool."

40. Defendants did not provide Ms. Lin and other similarly situated servers, the required notice for taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

41. The tip pool was mandatory. Ms. Lin and similarly situated servers were required to contributed 4.5% of their net sales to a pool tip which included the bartender, busboy, and sushi chef.  However, the Defendants often kept the tips for themselves and did not distribute the servers' tips to bartender, busboy, and sushi chef.

42. The amount that was contributed to the busboys by Ms. Lin and similarly situated servers was never disclosed by Defendants to the servers. The method of calculation that the Defendants used to determine the contribution of the servers' tips to the busboys was never disclosed to Ms. Lin or other servers.

43. The contributions made by Ms. Lin and other servers to the mandatory tip pool included both cash and credit card transactions. Defendants deducted the "mandatory tip pool" contribution of 4.5% of total sales from all cash and credit card tips.

44. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C § 203 (m) because Defendants retained portions of Ms. Lin's and similarly situated employee's tips for their own purposes

45. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C § 203 (m) because Defendants retained portions of Ms. Lin and similarly situated servers' tips.

46. As a result of the Defendants' mandatory tip pool, the Defendants violated the rights of Ms. Lin and numerous similarly situated servers by failing to pay these employees the federally mandated minimum wage of $7.25 an hour.

47. Ms. & Mr. Lin and similarly situated employees were required to pay Defendants from their wages if they broke dishes, glasses, or teacups.

48. Ms. Lin and similarly situated employees were required to pay Defendants from their wages for food that were incorrectly ordered.

49. Defendants required Ms. & Mr. Lin and similarly situated employees to wear aprons.  They employees were required to purchase aprons for $10.00 for the Defendants.

50. Defendants have previously been sued for violating the FLSA, *Carbone v. Zen 333 Inc., 2:16-cv-00108-DCN*.  Despite the previous lawsuit Defendants have continued the same pay practices and have continued to knowingly violated the FLSA.  Consequently, Defendants' violations are willful.

51. Defendants had a willful policy of withholding and/or diverting portions of their servers' tips and using them for their own purposes.

52. Defendants' actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

53. Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

54. At all times pertinent to this Complaint, each Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

55. At all times pertinent to this Complaint, Plaintiffs and similarly situated employees were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

56. At all times relevant herein, each Defendants were "employers" of Plaintiffs and similarly situated employees as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

57. At all times relevant herein, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

58. Plaintiffs and other similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

59. At all times relevant herein, the annual gross sales volume of the Defendants' business was in excess of $500,000.

60. Defendants employed Plaintiffs and similarly situated employees and required them to work over forty (40) hours without compensating Plaintiffs and similarly situated employees at a rate of one-and-a-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

61. Plaintiffs and similarly situated employees are entitled to back pay of unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

62. Defendants' violations of the FLSA were willful.

**FOR A SECOND CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual Action)

63. Plaintiffs, on behalf of themselves and all similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

64. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

65. Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

66. Defendants owe Plaintiffs and the members of the Plaintiffs' class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiff and the members of the Plaintiffs' class and as required by law.

67. Defendants improperly deducted money from Plaintiffs and similarly situated employees' wages for aprons, and broken dishware, in addition to food items that were incorrectly ordered.

68. Defendants have failed to pay Plaintiffs and the members of the Plaintiffs' class all wages due, as required by Sections § 41-10-40 and -50 of the Act.

69. Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

**FOR A THIRD CAUSE OF ACTION**
(Fair Labor Standards Act-Minimum Wage Claim)
(Individual and Collective Claim)

70. Ms. Lin, on behalf of herself and all other similarly situated servers, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

71. The FLSA mandates that Defendants compensate non-exempt employees at minimum wage rate of $7.25 per hour.

72. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing Defendants to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips amongst those who customarily and regularly receive tips.

73. The Defendants shared in the tip pool and took a percentage of the tip pool; thus the tip pool was invalid.

74. Without the benefit of the tip credit provision, the Defendants must pay Ms. Lin and similarly situated servers the statutory minimum wage of $7.25 per hour.

11

75. Defendants' compensation of Ms. Lin and other similarly situated servers violated the minimum wage provisions of the FLSA because Defendants did not permit Ms. Lin and other similarly situated servers to retain all the tips they received.

76. Defendants' compensation of Ms. Lin and other similarly situated servers violated the minimum wage provisions of the FLSA because Defendants unlawfully retained portions of the tips received by Ms. Lin and other similarly situated employees for Defendants' own profit.

77. Defendants' compensation of the Ms. Lin and other similarly situated servers violated the minimum wage provisions of the FLSA, because Defendants distributed the tip pool to employees who did not customarily and regularly receive tips.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, seeks judgment against the Defendants as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b. Declaratory Judgment against Defendants that they violated the FLSA;

c. Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

d. Judgment against Defendants for an amount equal to Ms. Lin and similarly situated employees' wages at the applicable hourly rate of $7.25;

e. Judgment against Defendants for the amount of unlawfully retained portions of the tips they received from Ms. Lin and similarly situated employees;

f. Declaratory Judgment against Defendants that they violated South Carolina Payment of Wages Act;

g. An award of compensatory damages in an amount equal to the unpaid overtime compensation and minimum wages owed to Plaintiffs and similarly situated employees pursuant to 29 U.S.C. § 216(b);

h. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

i. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

j. An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

k. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiffs on behalf of themselves and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
652 Rutledge Ave Ste A
Charleston South Carolina 29403
Phone: (843) 588-5587
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

November 15, 2021
Charleston, South Carolina.