IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Heidi Lin and Xin Lin, On Behalf of Themselves and All Others Similarly Situated,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Zen 333 Inc., DBA Zen Asian Fusion, Chen Zhou AKA Cindy Alfredson, Rong A. Zhou, and Mei Zhen** *individually,* )<br>)<br>)<br>)<br>**Defendants.** )  | Civil Action No. 2:21-cv-3744-BHH |

Pursuant to the requirements of the Fair Labor Standards Act (FLSA) the Plaintiffs Heidi Lin and Xin Lin (collectively the "Plaintiffs"), and Defendants (hereinafter referred to as "Defendants") (collectively with Plaintiffs referred to as the "Parties") and Zen 333 Inc., DBA Zen Asian Fusion, Chen Zhou AKA Cindy Alfredson, Rong A. Zhou, and Mei Zhen (collectively "Defendants")  hereby move the Court for an Order approving their Settlement Agreement and dismissing the Plaintiffs' claims in this action with prejudice.  In support of their motion, the Parties state as follows:

1.      Plaintiffs initially filed the above-captioned lawsuit with the intent to seek certification as a collective action, but upon consideration of the underlying facts and law, thereafter determined not to seek certification as a collective action.

2.      The Defendants have denied all allegations and asserted that they at all times complied with the FLSA.

3. The Parties engaged in extended settlement negotiations and ultimately reached an agreement which has been reduced to writing. A copy of the Parties' Settlement Agreement and Release is attached hereto as Exhibit A.

4. It has been held that court approval is required of all FLSA claims where the plaintiffs have agreed to waive any and all prior claims under the Act. *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454,460 (4th Cir. 2007); *Salvo v. SSWNN Corp.,* No. 2:17-1266-RMG, 2019 U.S. Dist. LEXIS 12661 (D.S.C. Jan. 25, 2019); *Caskie v. Nason Medical Center*, LLC, No. 2:14-cv-03768-DCN (D.S.C. June 8, 2016) (ECF No. 67); *DeWitt v. Darlington Cty. S.C.*, No. 4:11-CV-00740, 2013 WL 6408371, at *3 (D.S.C. Dec. 6, 2013).

5. In considering a motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.,* 528 F.2d 1169,1173 (4th Cir. 1975); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

6. All of the above factors weigh in favor of the Court's approval of the Parties' settlement. While the parties have not conducted formal discovery in this case beyond that required by the Local Rules, counsel for the parties had previously litigated an FLSA collective action involving the same Defendants, *Logan Carbone, et al. v. Zen 333 Inc., et al.,* C/A No.: 2:16-cv-0108 DCN, District of South Carolina, Charleston Division. That case settled and was dismissed with

prejudice by Order of October 17, 2018. Considerable discovery was accomplished in this earlier case, and the information obtained from that case, coupled with the exchange of information in the pending case, has allowed to parties to develop an understanding of the Plaintiffs' claims, the Defendants' defenses and the potential liability.

7. This proceeding is at a stage from which considerable time and expense would be required to complete the litigation absent a settlement.

8. There is no evidence of fraud or collusion on the part of the parties or their counsel in this case. The proposed Settlement Agreement is the product of arms-length negotiations that took place periodically over several months' time.

9. The attorney who represents the Plaintiffs is an experienced employment attorney whose practice is devoted to employment law. She has litigated many other FLSA cases for many years and is thus able to competently evaluate the merits of the Plaintiffs' claims.

9. Both Parties have had the opportunity to assess and calculate the potential damages in this case. Although Plaintiffs and their counsel believe that their case has significant merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable and adequate and is in their best interests. Similarly, while the Defendants adamantly contend that they paid their employees in conformity with the FLSA and believe that the Plaintiffs' case entirely lacks merit, they acknowledge the uncertain outcome and risk of the case and believe additionally that the necessary expense which would be required for protracted litigation is contrary to their best interests. Defendants believe that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing their own further expenses.

10.     The amounts to be paid to the Plaintiffs are reasonable under the circumstances. These amounts represent a substantial sum to be paid to the Plaintiffs.

WHEREFORE, Plaintiffs and Defendants respectfully request that this Court approve the Parties' settlement.  Further, the parties request that the Court grant their request to dismiss Plaintiffs' claims with prejudice, said order effective  thirty days after the date scheduled by the parties' agreement for payment to be made, unless counsel for Plaintiffs files an objection to such an order within that period.

|  WE SO MOVE/CONSENT | WE SO MOVE/CONSENT |
|---|---|
| s/Marybeth Mullaney | s/Allan R. Holmes |
| **MARYBETH MULLANEY** | **GIBBS & HOLMES** |
| Marybeth Mullaney (Fed. ID No. 11162)<br>652 Rutledge Ave Ste A<br>Charleston, SC 29403<br>843-588-5587<br>marybeth@mullaneylaw.net | Allan R. Holmes, Fed. ID No. 1925<br>Cheryl H. Ledbetter, Fed. ID No. 11446<br>171 Church Street, Suite 110<br>Charleston, S 29401<br>843-722-0033<br>aholmes@gibbs-holmes.com |
| **ATTORNEY FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANTS** |

November 18,  2022