IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Heidi Lin and Xin Lin, On Behalf of Themselves and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>Zen 333 Inc., DBA Zen Asian Fusion, Chen Zhou AKA Cindy Alfredson, Rong A. Zhou, and Mei Zhen *individually*,<br><br>  Defendants. | Civil Action No. 2:21-cv-3744-BHH<br><br>**ORDER** |

This matter is before the Court on the parties' Joint Motion for Settlement Approval of FLSA Claims. (ECF No. 15.)

**BACKGROUND**

Plaintiffs initially filed the above-captioned lawsuit on November 15, 2021, asserting clams under the Federal Fair Labor Standards Act ("FLSA") and the South Carolina Payment of Wages Act. Service was accepted by Defendants on March 7, 2022, and Defendants filed their Answer on April 22, 2022, in which Defendants denied all allegations and asserted that they at all times complied with the FLSA and the Payment of Wages Act.

Plaintiffs' initial Complaint signaled their intent to seek certification as a collective action, but upon consideration of the underlying facts and law, they thereafter determined not to seek certification.

The Parties engaged in extended settlement negotiations and ultimately reached an agreement that has been reduced to writing. A copy of the Parties' Settlement Agreement and

Release is attached as Exhibit A to their Motion for Approval of the Settlement. (ECF No. 15-1.) Upon consideration of the parties' settlement agreement, the representations of counsel for the parties, the applicable law, and for good cause shown, this Court grants the parties Joint Motion for Settlement Approval.

## APPROVAL OF THE SETTLEMENT

1. Court approval is required of all FLSA claims where the plaintiffs have agreed to waive any and all prior claims under the Act. *See Taylor v. Progress Energy, Inc*., 493 F.3d 454,460 (4th Cir. 2007); *Salvo v. SSWNN Corp.,* No. 2:17-1266-RMG, 2019 U.S. Dist. LEXIS 12661 (D.S.C. Jan. 25, 2019); *Caskie v. Nason Medical Center*, LLC, No. 2:14-cv-03768-DCN (D.S.C. June 8, 2016) (ECF No. 67); *DeWitt v. Darlington Cty. S.C*., No. 4:11-CV-00740, 2013 WL 6408371, at *3 (D.S.C. Dec. 6, 2013).

2. In considering a motion to approve the settlement of an FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.,* 528 F.2d 1169,1173 (4th Cir. 1975); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

3. After review, the Court finds that all of the above factors weigh in favor of the Court's approval of the Parties' settlement. While the parties have not conducted formal discovery in this case beyond that required by the Local Rules, counsel for the parties had previously litigated

an FLSA collective action involving the same Defendants, *Logan Carbone, et al. v. Zen 333 Inc., et al.,* C/A No.: 2:16-cv-0108 DCN, District of South Carolina, Charleston Division. That case settled and was dismissed with prejudice by Order of October 17, 2018. Considerable discovery was accomplished in this earlier case, and the information obtained from that case, coupled with the exchange of information in the pending case, allowed the parties herein to develop an understanding of Plaintiffs' claims, Defendants' defenses, and the potential liability.

4.   This proceeding is at a stage from which considerable time and expense would be required to complete the litigation absent a settlement.

5.    There is no evidence of fraud or collusion on the part of the parties or their counsel in this case. The proposed Settlement Agreement appears to be the product of arms-length negotiations that took place periodically over several months' time.

6.    The attorney who represents Plaintiffs is an experienced employment attorney whose practice is devoted to employment law. She has litigated many other FLSA cases for many years and is thus able to competently evaluate the merits of the Plaintiffs' claims.

7.    Both parties have had the opportunity to assess and calculate the potential damages in this case. Although Plaintiffs and their counsel believe that their case has significant merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable, adequate, and is in their best interests. Similarly, while the Defendants adamantly contend that they paid their employees in conformity with the FLSA and the Payment of Wages Act, and that Plaintiffs' case entirely lacks merit, they acknowledge the uncertain outcome and risk of the case and believe additionally that the necessary expense that would be required for protracted litigation is contrary to their best

interests. Defendants believe that this settlement is fair and reasonable, and it will resolve the dispute at issue, while minimizing their own further expenses.

10. The Court further finds that the amounts to be paid to Plaintiffs are reasonable under the circumstances, and the attorneys' fee to be paid to Plaintiffs' counsel is a reasonable percentage of the contingent recovery.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS the parties' Joint Motion for Approval of Settlement of FLSA Claims (ECF No. 15), finding that the settlement is fair, reasonable, and an adequate settlement of a bona fide dispute. Plaintiffs' claims asserted in this litigation are hereby DISMISSED with prejudice, said order to be effective ten days after the date scheduled by the parties' agreement for payment to be made, unless counsel for Plaintiffs files an objection to such within that period.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
UNITED STATES DISTRICT JUDGE

December 7, 2022

Charleston, South Carolina